**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SCOTTSDALE INSURANCE COMPANY,** *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION NO.:** |
| **LUNEX INVESTMENT COMPANY D/B/A YELLOW JACKET SEAFOOD COMPANY, TAFFY BEGAY CRAVY, TARA LACHELL STANLEY, AND KRYSTAL NICOLE CHAMPAGNE** *Defendants.* | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW INTO COURT, comes Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby seeks declaratory judgment against Defendants, Lunex Investment Company D/B/A Yellow Jacket Seafood Company ("Lunex"), Taffy Begay Cravy, Tara Lachell Stanley, and Krystal Nicole Champagne ("Underlying Plaintiffs") (all of whom are collectively, "Defendants") for purposes of determining questions of actual, immediate controversy regarding the rights and obligations of the parties in connection with the lawsuit styled *Taffy Begay Cravy, Tara Lachell Stanley, And Krystal Nicole Champagne. v. Brian Short, Von Pauli Seafood Company, And Lunex Investment Company D/B/A Yellow Jacket Seafood Company,* Case no. 26DCCV0446, pending in the 136th Judicial District Court of Jefferson County of Texas (the "Underlying Lawsuit").

**PARTIES**

1. At all relevant times, Scottsdale was, and still is, a corporation organized and existing under the laws of Ohio with its principal place of business in Arizona.

2. At all relevant times, Lunex was, and still is, a Texas company whose principal place of business is located in Texas, and who may be served with process through its registered agent, Loc C. Tran, at 3931 S. Martin Luther King, Jr. Drive, Port Arthur, Texas 77640.

3. At all relevant times, Taffy Begay was, and still is, a Texas citizen and resident and may be served with process at 731 Couger Country Apt, 642, Buna, Texas 77612-2451, Jasper County.

4. At all relevant times, Tara Lachell Stanley was, and still is, a Texas citizen and resident and may be served with process at 1001 Faller Wise Road, Apt 2211, Fuless, Texas 76039-8229.

5. At all relevant times, Krystal Nicole Champagne was, and still is, a Texas citizen and resident and may be served with process at 7521 Puntes Lane, Silsbee, Texas 77656.

6. Underlying Plaintiffs are individuals and parties with an interest in the outcome of this litigation because they are the plaintiffs in the Underlying Lawsuit, who must be joined to this litigation because even though neither they nor the estate they represent are parties to the Policy at issue, same will not be bound by a judgment rendered as to the Policy's scope of coverage unless the Underlying Plaintiffs are made a party to this lawsuit. *Dairyland County Mutual Insurance v. Childress,* 650 S.W.2d 770 (Tex. 1983*)*

**JURISDICTION AND VENUE**

7. There is complete diversity of citizenship between Scottsdale, a citizen of Ohio and Arizona, and all Defendants who are citizens of Texas.

8. The amount in controversy exceeds $75,000.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

10. Lunex and Underlying Plaintiffs are subject to the personal jurisdiction of this Court.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the accident at issue—*i.e.*, a substantial part of the events giving rise to the claim—occurred in Jefferson County, Texas, which is located in this Court's judicial district.[1]

## NATURE OF THE CLAIM

12. Scottsdale issued Policy No. CPS8277746 ("Policy") to Lunex for the period August 31, 2025 to August 31, 2026.[2]

13. Scottsdale seeks a declaratory judgment that the Policy's Exclusion—Total Aircraft, Auto Or Watercraft With Limited Exceptions Endorsement ("Total Auto Exclusion") precludes coverage for the claims asserted in the Underlying Lawsuit. On this basis, Scottsdale also seeks a declaratory judgment that it owes no duty to defend or indemnify Lunex in the Underlying Lawsuit.

## FACTUAL BACKGROUND

### The Underlying Lawsuit

14. Underlying Plaintiffs filed the Underlying Lawsuit against Lunex and others on March 12, 2026, seeking damages arising from a motor vehicle accident ("Accident") that occurred on January 16, 2026, in Port Arthur, Texas.[3]

15. According to the Underlying Plaintiffs, the Accident occurred when James William Cravy, Jr., Decedent, was traveling southbound on South Martin Luther King, Jr. Drive in Port Arthur and drove into a tractor-trailer turning into the adjacent property of Lunex.[4]

---

[1] *See* 28 U.S.C. § 1391(b).
[2] A copy of the Scottsdale Policy is attached hereto as Exhibit "A."
[3] Exhibit B, Underlying Lawsuit Original Petition.
[4] Exhibit B, ¶ 11.

16. The Underlying Lawsuit alleges negligence against Lunex and also asserts a claim for gross negligence for, *inter alia,* its alleged failure to design, construct or maintain a driveway or access point to allow for safe ingress and egress of tractor-trailers, and for failures by not having provided proper signage, lighting or warnings for motorists like Decedent.[5]

17. Underlying Plaintiffs seek recovery of loss of services in the past and future; mental anguish in the past and future; loss of companionship; exemplary damages; and pre-judgment and post-judgment interest and courts costs.

**The Policy**

18. The Scottsdale Policy affords coverage to Named Insureds thereunder, subject to certain terms, conditions, limitations, and exclusions.[6]

19. The Policy's Commercial General Liability Coverage Form states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured [Lunex] shown in the Declarations, and any other person or organization qualifying as a Named Insured under this Policy" and "[t]he word 'insured' means any person or organization qualifying as such under Section II – Who Is An Insured."[7]

20. The Insuring Agreement of the Policy's Coverage A – Bodily Injury And Property Damage Liability section states, in relevant part:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.[8]

---

[5] Exhibit B, ¶ 17-22.
[6] *See generally* Exhibit A, the Policy.
[7] *See* Exhibit A at CGL Form 00 01 04 13, p. 1 of 16.
[8] *See* Exhibit A at CGL Form 00 01 04 13, p. 1 of 16.

21. The Policy's Commercial General Liability coverage part defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[9] "Bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."[10]

22. The Policy's Exclusion—Total Aircraft, Auto Or Watercraft With Limited Exceptions Endorsement ("Total Auto Exclusion"), replaces in the Commercial General Liability Coverage Form Exclusion g., Aircraft, Auto Or Watercraft, as follows:

**EXCLUSION – TOTAL AIRCRAFT, AUTO OR WATERCRAFT WITH LIMITED EXCEPTIONS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**A. SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions**, subparagraph **g. Aircraft, Auto Or Watercraft** is deleted in its entirety and replaced by the following:

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any and all aircraft, "auto" or watercraft. Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the failure to protect persons or property against any aircraft, "auto" or watercraft as a dangerous condition, defect or activity, including any actual or alleged failure to maintain a reasonably safe premises, failure to warn, or failure to provide security or safety measures.

This exclusion applies regardless of whether the aircraft, "auto" or watercraft is owned or operated by or rented or loaned to any insured or any other person or entity.

---

[9] *See* Exhibit A at CGL Form CG 00 01 04 13 at p. 15 of 16, #13.
[10] *See* Exhibit A at CGL Form CG 00 01 04 13 at p. 15 of 16, #3.

* * * *[11]

23. The Policy defines "auto" as:

a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.[12]

24. The Policy also includes the Punitive or Exemplary Damage Exclusion Endorsement, which bars coverage as follows:

> In consideration of the premium charged, it is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages.
>
> Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.
>
> If suit is brought against any insured for a claim falling within coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action; however, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

25. In the unlikely event that coverage is owed, Scottsdale pleads that the Punitive or Exemplary Damage Exclusion Endorsement bars any recovery of exemplary damages.

26. Although the Total Auto Exclusion precludes coverage for the Underlying Plaintiffs' claims, as alleged, Scottsdale agreed to defend Lunex against the Underlying Lawsuit subject to a reservation of rights to deny coverage.

[11] *See* Exhibit A at Form GLS-690 (03-23) at p. 1 of 2.
[12] *See* Exhibit A at CGL Form CG 00 01 04 13 at p. 15 of 16, #2.

**COUNT I – DECLARATORY RELIEF**

27. Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

28. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the coverage afforded under the Policy for the claims asserted in the Underlying Lawsuit. The Court's making a declaration regarding these issues will confer certainty on the parties with respect to their rights and obligations under the Policy.

29. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Scottsdale seeks a judicial declaration of its rights and duties under the Policy. The Court's declaration will confer certainty on the parties and serve the interests of justice.

30. The liability alleged against Lunex and the damages sought in the Underlying Lawsuit exclusively arise out of the actions falling within the scope of the Total Auto Exclusion; therefore, the Total Auto Exclusion's unambiguous terms apply to preclude coverage for the plaintiffs' claims against Lunex in the Underlying Lawsuit.

31. Scottsdale seeks a declaration that the Policy does not provide coverage, including defense and indemnity, for the Underlying Lawsuit due to the application of the Total Auto Exclusion.

32. In the unlikely event that coverage is owed, Scottsdale further pleads that the Punitive or Exemplary Damage Exclusion Endorsement applies to bar any coverage for an award of exemplary damages.

33. In addition to the foregoing, Scottsdale pleads all other conditions, terms, warranties, limitations, definitions, and exclusions of the Policy, which also may be found to be

applicable as Scottsdale's investigation of this matter continues, and reserves the right to amend its Complaint as additional and/or more specific information becomes available.

WHEREFORE, Scottsdale Insurance Company respectfully prays that this Honorable Court:

A. That process be issued as required by law and the Defendants be served with copies of the Summons and Complaint for Declaratory Judgment;

B. For a declaration by the Court declaring the rights and obligations of the parties under the Policy, including a judgment that the Policy's Total Auto Exclusion precludes coverage for the Underlying Lawsuit and, therefore, Scottsdale owes no defense and/or indemnity in the Underlying Lawsuit.

C. For a declaration by the Court declaring the rights and obligations of the parties under the Policy, including a judgment that the Policy's Punitive or Exemplary Damage Exclusion Endorsement precludes coverage for the Underlying Lawsuit as to any award of exemplary damages; and

D. For all such other and further relief as this Court deems just and proper.

Respectfully submitted,
PHELPS DUNBAR LLP

*<u>/s/Mary "Amy" Cazes Greene</u>*
Mary "Amy" Cazes Greene
TBN 24005647, Fed. Bar 22671
1001 Fannin., Ste. 2200
Houston, Texas 77002
Phone: (713) 626-1386
Fax: (713) 626-1388
Email: amy.greene@phelps.com

**ATTORNEY FOR PLAINTIFF SCOTTSDALE INSURANCE COMPANY**